**ORIGINAL**

# In the United States Court of Federal Claims
No. 15-190C
Filed: April 7, 2015

**FILED**

APR – 7 2015

U.S. COURT OF
FEDERAL CLAIMS

| | | |
|---|---|---|
| * * * * * * * * * * * | | |
| **JAMES EDWIN BARNARD,** | * | |
| | * | **Pro Se** Plaintiff; **In Forma** |
| Plaintiff, | * | **Pauperis** Application; Lack of |
| | * | Subject Matter Jurisdiction. |
| v. | * | |
| | * | |
| **UNITED STATES,** | * | |
| | * | |
| Defendant. | * | |
| * * * * * * * * * * * | * | |

**James Edwin Barnard**, Spring, TX, pro se.

**Nathanael B. Yale**, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for the defendant.

### ORDER

**HORN, J.**

### FINDINGS OF FACT

On February 25, 2015, pro se plaintiff, James Edwin Barnard, filed a one page and four line letter/complaint in the United States Court of Federal Claims,[1] which was directed to "Officers of Special Masters Office," and was dated February 16, 2015. The letter begins and ends with "Peace be with you." The letter is very difficult to follow and, often, less than comprehensible. In the letter, plaintiff claims:

> As witnessed on the enclosed orders to a competent court of jurisdiction my Status as Man, Landlord, one of the people, grantor of the benefice and fee, Trinity of mind body and soul, Tribunal of the court of record of final

---

[1] It is questionable whether the Clerk's Office should have filed Mr. Barnard's submission as a complaint under the minimum standards for filing a complaint pursuant to the Rules of the United States Court of Federal Claims. Nonetheless, once filed, the court reviews and considers it fully.

> jurisdiction of my sovereign nation state has been recognized by the ancient office of Notary Public.[2]

Plaintiff then asks that:

> the Chief Special Master appoint a Special Master as my representative to investigate the whereabouts of the inheritance left me by my Father and ancestors, and the Kings Revenue currently held in reserve until I, the proper owner appear. For the record, I have appeared, have been searching unsuccessfully myself, all the while being subjected to the disturbance of my peace from any number of lifeless entities.

Plaintiff seeks "assistance, and positive action in recovering my property, setting off the debts of my ancestors and myself, and make available to me this Kings Revenue in a form accepted by all other nations." Included in his demands, he states: "I am re-claiming dominion over all the earth that Adam & Eve forfeited when they disobeyed Our Creator." Moreover, he demands that "all lifeless entities, and men who by their own free will consent to being of lower status are to immediately stop disturbing my peace, and trespass against this Superior Sovereign."

Enclosed with his letter/complaint, plaintiff attaches a copy of his birth certificate, a "Notice of Mistake and Request for Correction," and an "AFFIDAVIT NOUICOR." (Apparently, "Notice of Understanding and Intent and Claim of Right").[3] Plaintiff's "AFFIDAVIT NOUICOR" is addressed to "All Public Officials Listed on pgs. 2 & 3 below," which includes a variety of federal and state officials, and states:

> Claimant/Grantor does herein order all de facto agencies of the UNITED STATES government and all related and subordinate agencies to disclose the True and Complete Facts and Details of all monetary, currency, and negotiable instrument investments pertaining to the accounts of Grantor that are being, or have been, withheld from ready access by Grantor to be released immediately to Grantor, and avoid Fraud and Deception, as per:

---

[2] Capitalization, grammar, and punctuation errors are quoted in this Order as they appear in plaintiff's submissions.

[3] The "Notice of Mistake and Request for Correction" and "AFFIDAVIT NOUICOR" refer to Docket # 874049, a civil case titled Americredit Fin. Servs. v. Barnard James E., which was filed on September 19, 2006, in the County Court of Harris County, Texas. See Americredit Fin. Servs. v. Barnard James E., No. 874049 (Tex. Co. Ct. filed Sept. 19, 2006). In addition to the state court case, it appears Mr. Barnard has filed at least four additional cases in the United States District Court for the Southern District of Texas, but was unsuccessful in each case. See Barnard v. Howard et al., No. 4:07-MC-00238 (S.D. Tex. Apr. 25, 2007); Barnard v. Berce et al., No. 4:06-CV-03415 (S.D. Tex. Mar. 26, 2007); Barnard v. Kovacevich et al., No. 4:06-CV-03416 (S.D. Tex. Feb. 12, 2007); Barnard v. Americredit, Inc., No. 4:06-CV-03419 (S.D. Tex. filed Oct. 24, 2006).

2

> Concealing a material fact when there is duty to disclose may be actionable fraud. Universal Inv. Co v Sahara Motor Inn, Inc., 619 P 2d 485, 127 Ariz. 213. (Ariz App 1980)

In his "AFFIDAVIT NOUICOR," plaintiff seems to claim an "inheritance," to withheld land, and that "any Certificates of Birth entered into the fictional corporate world of commerce is based on fraud . . . ." In plaintiff's "Notice of Mistake and Request for Correction," he claims all funds, land, and property associated with various private entities, social security numbers, court cases, marriage license numbers, driver's license numbers, and bank and credit card accounts.

On March 27, 2015, plaintiff also submitted a package of numerous unrelated documents,[4] asserting jurisdiction in this court and a right to summary judgment in his favor. These documents are also difficult to follow and contain further rambling, incomprehensible allegations and claims. Plaintiff's attached documents include, for example:

1. Notice for Presiding Judge To Take Judicial Notice.
2. Complaint in the form of a conditional summary judgment document concerning plaintiff's tax liability.
3. Notice to Recorder's Office referencing plaintiff's alleged property.
4. Various documents regarding plaintiff's tax liability.
5. Court filings referencing a case in Texas State Court.
6. Various federal court documents in earlier cases.
7. Mail referencing a notice of levy received by plaintiff from an IRS agent.
8. Numerous pages of copies of penal code sections.
9. A petition and complaint in a suit for "DEPRIVATION OF FEDERALLY PROTECTED RIGHTS" in violation of the Texas Penal Code.
10. A document titled "WHY I OWE NO TAXES."
11. Various mailing certificates.

## DISCUSSION

The court recognizes that Mr. Barnard filed his documents pro se, without the benefit of counsel. When determining whether a complaint filed by a pro se plaintiff is sufficient to invoke review by a court, pro se plaintiffs are entitled to liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520–21 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), reh'g denied, 405 U.S. 948 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9–10 (1980); Estelle v. Gamble, 429

---

[4] Plaintiff's documents were not submitted in accordance with the court's Rules, but given plaintiff's pro se status, the undersigned ordered the submission filed.

3

U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977); Matthews v. United States, 750 F.3d 1320, 1322 (Fed. Cir. 2014); Diamond v. United States, 115 Fed. Cl. 516, 524, aff'd, 2015 WL 527500 (Fed. Cir. Feb. 10, 2015), petition for cert. filed (U.S. Mar. 23, 2015). "However, "'[t]here is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his [or her] pleading.'"" Lengen v. United States, 100 Fed. Cl. 317, 328 (2011) (alterations in original) (quoting Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))); see also Bussie v. United States, 96 Fed. Cl. 89, 94, aff'd, 443 F. App'x 542 (Fed. Cir. 2011); Minehan v. United States, 75 Fed. Cl. 249, 253 (2007). "While a pro se plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the pro se plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." Riles v. United States, 93 Fed. Cl. 163, 165 (2010) (citing Hughes v. Rowe, 449 U.S. at 9 and Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir.) ("Plaintiff bears the burden of showing jurisdiction by a preponderance of the evidence."), reh'g and reh'g en banc denied (Fed. Cir. 2002)); see also Shelkofsky v. United States, 119 Fed. Cl. 133, 139 (2014) ("[W]hile the court may excuse ambiguities in a pro se plaintiff's complaint, the court 'does not excuse [a complaint's] failures.'" (quoting Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995)); Harris v. United States, 113 Fed. Cl. 290, 292 (2013) ("Although plaintiff's pleadings are held to a less stringent standard, such leniency 'with respect to mere formalities does not relieve the burden to meet jurisdictional requirements.'" (quoting Minehan v. United States, 75 Fed. Cl. at 253)).

It is well established that "'subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.'" Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)). "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." Henderson ex rel. Henderson v. Shinseki, 131 S. Ct. 1197, 1202 (2011); see also Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." (citing Arbaugh v. Y & H Corp., 546 U.S. at 514)); Special Devices, Inc. v. OEA, Inc., 269 F.3d 1340, 1342 (Fed. Cir. 2001) ("[A] court has a duty to inquire into its jurisdiction to hear and decide a case." (citing Johannsen v. Pay Less Drug Stores N.W., Inc., 918 F.2d 160, 161 (Fed. Cir. 1990))); View Eng'g, Inc. v. Robotic Vision Sys., Inc., 115 F.3d 962, 963 (Fed. Cir. 1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not."). "The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y & H Corp., 546 U.S. at 506; see also Cent. Pines Land Co., L.L.C. v. United States, 697 F.3d 1360, 1364 n.1 (Fed. Cir. 2012) ("An objection to a court's subject matter jurisdiction can be raised by any party or the court at any stage of litigation, including after trial and the entry of judgment." (citing Arbaugh v. Y & H Corp., 546 U.S. at 506)); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1346 (Fed. Cir. 2008) ("[A]ny party may challenge, or the court may raise sua sponte, subject matter jurisdiction at any time." (citing Arbaugh v. Y & H Corp., 546

U.S. at 506; Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. denied, 545 U.S. 1127 (2005); and Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998))); Pikulin v. United States, 97 Fed. Cl. 71, 76, appeal dismissed, 425 F. App'x 902 (Fed. Cir. 2011). In fact, "[s]ubject matter jurisdiction is an inquiry that this court must raise *sua sponte*, even where . . . neither party has raised this issue." Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings, 370 F.3d 1354, 1369 (Fed. Cir.) (citing Textile Prods., Inc. v. Mead Corp., 134 F.3d 1481, 1485 (Fed. Cir.), reh'g denied and en banc suggestion declined (Fed. Cir.), cert. denied, 525 U.S. 826 (1998)), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. granted in part sub. nom Lab. Corp. of Am. Holdings v. Metabolite Labs., Inc., 546 U.S. 975 (2005), cert. dismissed as improvidently granted, 548 U.S. 124 (2006).

The Tucker Act grants jurisdiction to this court as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2012). As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. See United States v. Navajo Nation, 556 U.S. 287, 289–90 (2009); United States v. Mitchell, 463 U.S. 206, 216 (1983); see also Greenlee Cnty., Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2007), cert. denied, 552 U.S. 1142 (2008); Palmer v. United States, 168 F.3d 1310, 1314 (Fed. Cir. 1999).

"Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States . . . ." United States v. Mitchell, 463 U.S. at 216; see also United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003); Smith v. United States, 709 F.3d 1114, 1116 (Fed. Cir.), cert. denied, 134 S. Ct. 259 (2013); RadioShack Corp. v. United States, 566 F.3d 1358, 1360 (Fed. Cir. 2009); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d at 1343 ("[P]laintiff must . . . identify a substantive source of law that creates the right to recovery of money damages against the United States."). In Ontario Power Generation, Inc. v. United States, the United States Court of Appeals for the Federal Circuit identified three types of monetary claims for which jurisdiction is lodged in the United States Court of Federal Claims. The court wrote:

> The underlying monetary claims are of three types. . . . First, claims alleging the existence of a contract between the plaintiff and the government fall within the Tucker Act's waiver. . . . Second, the Tucker Act's waiver

5

> encompasses claims where "the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum." Eastport S.S. [Corp. v. United States, 178 Ct. Cl. 599, 605–06,] 372 F.2d [1002,] 1007–08 [(1967)] (describing illegal exaction claims as claims "in which 'the Government has the citizen's money in its pocket'" (quoting Clapp v. United States, 127 Ct. Cl. 505, 117 F. Supp. 576, 580 (1954)) . . . . Third, the Court of Federal Claims has jurisdiction over those claims where "money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury." Eastport S.S., 372 F.2d at 1007. Claims in this third category, where no payment has been made to the government, either directly or in effect, require that the "particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." Id.; see also [United States v. ]Testan, 424 U.S. [392,] 401–02 [1976] ("Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim-whether it be the Constitution, a statute, or a regulation-does not create a cause of action for money damages unless, as the Court of Claims has stated, that basis 'in itself . . . can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" (quoting Eastport S.S., 372 F.2d at 1009)). This category is commonly referred to as claims brought under a "money-mandating" statute.

Ontario Power Generation, Inc. v. United States, 369 F.3d 1298, 1301 (Fed. Cir. 2004); see also Twp. of Saddle Brook v. United States, 104 Fed. Cl. 101, 106 (2012).

To prove that a statute or regulation is money-mandating, "the statute and regulations must be such that they '"can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained."'" Roberts v. United States, 745 F.3d 1158, 1162 (Fed. Cir. 2014) (quoting United States v. White Mountain Apache Tribe, 537 U.S. at 472 (quoting United States v. Testan, 424 U.S. at 400)); see also United States v. Navajo Nation, 556 U.S. at 290; United States v. White Mountain Apache Tribe, 537 U.S. at 472; United States v. Mitchell, 463 U.S. at 217; Blueport Co., LLC v. United States, 533 F.3d 1374, 1383 (Fed. Cir. 2008), cert. denied, 555 U.S. 1153 (2009). The source of law granting monetary relief must be distinct from the Tucker Act itself. See United States v. Navajo Nation, 556 U.S. at 290 (The Tucker Act does not create "substantive rights; [it is simply a] jurisdictional provision[] that operate[s] to waive sovereign immunity for claims premised on other sources of law (e.g., statutes or contracts).")."If the statute is not money-mandating, the Court of Federal Claims lacks jurisdiction, and the dismissal should be for lack of subject matter jurisdiction." Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting Greenlee Cnty., Ariz. v. United States, 487 F.3d at 876); Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (The absence of a money-mandating source is "fatal to the court's jurisdiction under the Tucker Act."); Peoples v. United States, 87 Fed. Cl. 553, 565–66 (2009).

6

When deciding a case based on a lack of subject matter jurisdiction or for failure to state a claim, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007) (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508 n.1 (2002)))); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) ("Moreover, it is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader."), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982), recognized by Davis v. Scherer, 468 U.S. 183, 190 (1984); United Pac. Ins. Co. v. United States, 464 F.3d 1325, 1327–28 (Fed. Cir. 2006); Samish Indian Nation v. United States, 419 F.3d 1355, 1364 (Fed. Cir. 2005); Boise Cascade Corp. v. United States, 296 F.3d 1339, 1343 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2002), cert. denied, 538 U.S. 906 (2003).

As noted above, plaintiff's letter/complaint is extremely difficult to follow. It appears plaintiff is seeking assistance from the United States to locate his inheritance, as well as funds and property from various public and private entities, and accounts. Plaintiff, however, has not asserted a claim for money damages against the United States. All claims filed in the United States Court of Federal Claims must be filed against the United States as the defendant. See Rules of the United States Court of Federal Claims (RCFC) 10(a) (2014); see also 28 U.S.C. § 1491(a); United States v. Sherwood, 312 U.S. 584, 588 (1941) (citation omitted) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." (citation omitted)); Slattery v. United States, 635 F.3d 1298, 1321 n.1 (Fed. Cir.), aff'd 710 F.3d 1336 (Fed. Cir.), cert. denied, 134 S. Ct. 1276 (2014); May v. United States, 80 Fed. Cl. at 444 ("Jurisdiction, then, is limited to suits against the United States."), aff'd, 293 F. App'x 775 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2008); Eskridge Research Corp. v. United States, 92 Fed. Cl. 88, 95 (2010) (citing Howard v. United States, 230 F. App'x 975, 976 (Fed. Cir.) ("The United States is the only proper defendant before the Court of Federal Claims."), reh'g denied (Fed. Cir. 2007)); Shalhoub v. United States, 75 Fed. Cl. 584, 585 (2007) ("When a plaintiff's complaint names private parties, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations."); Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003) ("[T]he only proper defendant for any matter before this court is the United States, not its officers, nor any other individual.") (emphasis in original). Neither the complaint or the March 27, 2015 filing even list the United States as the defendant or assert any facts which allege a claim for money damages against the United States. Accordingly, Mr. Barnard has not demonstrated that this court has jurisdiction to consider his claims.

This court also does not have jurisdiction to review claims that sound in tort. See 28 U.S.C. § 1491(a) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or

upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."); see also Keene Corp. v. United States, 508 U.S. 200, 214 (1993); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d at 1343; Alves v. United States, 133 F.3d 1454, 1459 (Fed. Cir. 1998); Brown v. United States, 105 F.3d 621, 623 (Fed. Cir.), reh'g denied (Fed. Cir. 1997); Golden Pac. Bancorp v. United States, 15 F.3d 1066, 1070 n.8 (Fed. Cir.), reh'g denied, en banc suggestion declined (Fed. Cir.), cert. denied, 513 U.S. 961 (1994); Hampel v. United States, 97 Fed. Cl. 235, 238, aff'd, 429 F. App'x 995 (Fed. Cir. 2011), cert. denied, 132 S. Ct. 1105 (2012); Woodson v. United States, 89 Fed. Cl. 640, 650 (2009); McCullough v. United States, 76 Fed. Cl. 1, 3 (2006), appeal dismissed, 236 F. App'x 615 (Fed. Cir.), reh'g denied (Fed. Cir.), cert. denied, 552 U.S. 1050 (2007); Agee v. United States, 72 Fed. Cl. 284, 290 (2006); Zhengxing v. United States, 71 Fed. Cl. 732, 739, aff'd, 204 F. App'x 885 (Fed. Cir.), reh'g denied (Fed. Cir. 2006). Therefore, plaintiff's request that the court order "all lifeless entities, and men" to cease disturbing his peace, and trespass against "this Superior Sovereign," even if comprehensible, would not be within the jurisdiction of this court.

Although also not in his letter/complaint, plaintiff alleges in his AFFIDAVIT NOUICOR, and several of the other documents submitted, that he wants any "potentially criminal actions of any peace officers, government principals or agents or justice system participants" addressed. To the extent that plaintiff is alleging criminal conduct as the basis for his claims, this court also lacks jurisdiction to adjudicate those claims. See Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994); see also Cooper v. United States, 104 Fed. Cl. 306, 312 (2012) (holding that "this court does not have jurisdiction over his claims because the court may review neither criminal matters, nor the decisions of district courts.") (internal citations omitted); Mendes v. United States, 88 Fed. Cl. 759, 762 (2009), appeal dismissed, 375 F. App'x 4 (Fed. Cir. 2009); Hufford v. United States, 87 Fed. Cl. 696, 702 (2009) (holding that the United States Court of Federal Claims lacked jurisdiction over claims arising from the violation of a criminal statute); Matthews v. United States, 72 Fed. Cl. 274, 282 (finding that the court lacked jurisdiction to consider plaintiff's criminal claims), recons. denied, 73 Fed. Cl. 524 (2006); McCullough v. United States, 76 Fed. Cl. 1, 4 (2006) (finding that the court lacked jurisdiction to consider plaintiff's criminal claims), appeal dismissed, 236 F. App'x 615 (Fed. Cir.), reh'g denied (Fed. Cir.), cert. denied, 552 U.S. 1050 (2007).

Along with his pro se complaint, plaintiff submitted a March 13, 2015 "Application to Proceed In Forma Pauperis," asserting that he is unable to pay the required filing fees, and requesting waiver of court costs and fees. His Application indicates that he is unemployed, and that his last date of employment was January 22, 2008, a position for which he was receiving $476.00 per month. He also indicates that his only other source of income in the past twelve months was Social Security, under which he earned $10,393.80. In his Application, plaintiff asserts that he does not own any real estate, stocks, bonds, notes, automobiles or other valuable property, but that he has $1,366.65 in cash, or in a bank account. In order to provide access to this court to those who cannot pay the filing fees mandated by RCFC 77.1(c) (2014), the statute at 28 U.S.C. § 1915 (2012) permits a court to allow plaintiffs to file a complaint without payment of fees or

security, under specific circumstances. The standard in 28 U.S.C. § 1915(a)(1) for in forma pauperis eligibility is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor," and, therefore, whether to allow a plaintiff to proceed in forma pauperis is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. See, e.g., Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 217–18 (1993); Roberson v. United States, 115 Fed. Cl. 234, 239 (2014); Fuentes v. United States, 100 Fed. Cl. 85, 92 (2011). In Fiebelkorn v. United States, the United States Court of Federal Claims indicated:

> [T]he threshold for a motion to proceed in forma pauperis is not high: The statute requires that the applicant be "unable to pay such fees." 28 U.S.C. § 1915(a)(1). To be "unable to pay such fees" means that paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute.

Fiebelkorn v. United States, 77 Fed. Cl. 59, 62 (2007); see also Brown v. United States, 76 Fed. Cl. 762, 763 (2007). Even if Mr. Barnard's income level qualifies him for in forma pauperis status, however, as discussed above, his complaint is being dismissed for lack of jurisdiction.

## CONCLUSION

For the foregoing reasons, plaintiff's complaint is **DISMISSED**. The Clerk of the Court shall enter **JUDGMENT** consistent with this Order.

**IT IS SO ORDERED.**

**MARIAN BLANK HORN**
**Judge**